

# Fourth Court of Appeals
## San Antonio, Texas

February 1, 2023

No. 04-22-00668-CR

Ana Victoria **RAMIREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CR2717
Honorable Stephanie R. Boyd, Judge Presiding

# O R D E R

Pursuant to a plea-bargain agreement, appellant pleaded nolo contendere to one count of injury to a child. The trial court assessed punishment at four years' imprisonment and a fine of $1,500.00. On August 30, 2022, the trial court signed a certification of defendant's right to appeal stating that "the defendant has waived the right of appeal" and this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2).

Generally, in a plea bargain case, a defendant may appeal only: (1) those matters that were raised by written motion filed and ruled on before trial; (2) after getting the trial court's permission to appeal; or (3) where the specific appeal is expressly authorized by statute. *See id.* 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the appellant. *See id.* The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. *See id.* The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and that appellant does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record . . . ." *Id.* 25.2(d).

This appeal will be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d) unless an amended trial court certification showing that appellant has the right to appeal is made part of the appellate record by **February 15, 2023**. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order).

We ORDER all appellate deadlines be suspended until further order of the court.

_____
Irene Rios, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 1st day of February, 2023.

_____
MICHAEL A. CRUZ, Clerk of Court